IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00260-MOC-WCM

| | | |
|---|---|---|
| SCHUMACHER HOMES OF NORTH CAROLINA, INC. and RICHARD SMOTHERS | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| KEITH BUCHANAN and DIANNA BUCHANAN | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Plaintiffs' "Motion to Quash Subpoenas and Stay Further Discovery Pending Ruling on Motion to Dismiss Defendants' Counterclaims and Compel Arbitration" (the "Motion to Quash," Doc. 19).

## I.    Relevant Background

On September 28, 2021, Plaintiffs Schumacher Homes of North Carolina, Inc. and Richard Smothers ("Plaintiffs") filed a Complaint against Defendants Keith Buchanan and Dianna Buchanan ("Defendants"). Doc. 1. Plaintiffs' claims arise out of a dispute over Plaintiffs' construction of Defendants' home, which Defendants allege was defective. Plaintiffs assert claims of commercial defamation, tortious inference with prospective economic advantage, tortious

1

interference with contract, unfair and deceptive business practices, and civil conspiracy following Defendants' alleged implementation of "an electronic mailing campaign and website that targeted Plaintiffs' current and prospective clients with the purpose of damaging Plaintiffs' business reputation and brand and reducing its volume of business." Doc. 1 at 8 ¶ 46.

On November 29, 2021, Defendants filed an Answer and Counterclaim. Doc. 13. Defendants' Counterclaim includes claims for breach of contract, negligence, breach of warranty, fraud and fraudulent inducement, negligent misrepresentation, and unfair and deceptive practices.

On December 20, 2021, Plaintiffs filed a Motion to Dismiss Counterclaims and Compel Arbitration (the "Motion to Dismiss," Doc. 16). Plaintiffs argue that an arbitration agreement requires "final and binding arbitration of Defendants' counterclaims…." Doc. 17 at 1.

On December 30, 2021, Plaintiffs filed the instant Motion to Quash. Doc. 19. Defendants have responded in opposition. Doc. 21.

## II.    Discussion

Plaintiffs seek an order quashing subpoenas issued by Defendants to third-party witnesses Jason Surrett ("Surrett") and Champ Covington ("Covington") for depositions on January 19 and January 20, 2022. Plaintiffs state that they believe the expected testimony of these individuals will be relevant only to Defendants' counterclaims, and that because Defendants'

counterclaims must be determined through arbitration, the Court should "stay all further discovery in this matter, including quashing the subpoenas to and depositions of Jason Surrett and Champ Covington, pending [the Court's] ruling on Plaintiffs' [Motion to Dismiss]." Doc. 20 at 3.

In response, Defendants argue that stays pending resolution of motions to dismiss are not favored, and that a stay should not be allowed here because resolution of the Motion to Dismiss will not dispose of the entire case, the Motion to Dismiss is unlikely to succeed, and the testimony of Surrett and Covington will be relevant to Defendants' defenses (and not only their counterclaims). See Doc. 21 at 2-4.

Local Civil Rule 26.1 provides:

> Subject to the exception for Rule 34 requests as set forth in Fed. R. Civ. P. 26(d)(2), official Court-enforceable discovery does not commence until issuance of the Scheduling Order. While parties are encouraged to engage in consensual discovery before such period and up to trial, the Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f).

Here, no scheduling order has been entered, and Defendants have not sought and been granted leave to conduct early court-enforceable discovery. See also LCvR 16.1(d) (joinder of issues); LCvR 16.1(f) (early discovery).

Consequently, Defendants have not been authorized to take the depositions of Surrett and Covington without Plaintiffs' consent.

3

Otherwise, the parties are free to conduct limited court-enforceable discovery and voluntary discovery, as expressly allowed by the Federal Rules of Civil Procedure and the Local Rules.

**IT IS THEREFORE ORDERED** that the "Motion to Quash Subpoenas and Stay Further Discovery Pending Ruling on Motion to Dismiss Defendants' Counterclaims and Compel Arbitration" (Doc. 19) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Motion is **GRANTED** with respect to the deposition subpoenas issued to Jason Surrett (Doc. 20-1) and Champ Covington (Doc. 20-2), and these subpoenas are **QUASHED**; and

(2) The Motion is **DENIED** to the extent Plaintiffs seek a stay of all discovery pending resolution of the Motion to Dismiss.

Signed: January 18, 2022

W. Carleton Metcalf
United States Magistrate Judge

4