IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00260-MOC-WCM

| | | |
|---|---|---|
| SCHUMACHER HOMES OF NORTH CAROLINA, INC. and RICHARD SMOTHERS | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| KEITH BUCHANAN and DIANNA BUCHANAN | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion for Stay Pending Appeal (the "Motion to Stay," Doc. 28).

On September 28, 2021, Plaintiffs filed their Complaint. Doc. 1. Defendants filed an answer and counterclaim on November 29, 2021. Doc. 13.

On December 20, 2021, Plaintiffs filed a "Motion to Dismiss Counterclaims and Compel Arbitration" (the "Motion to Dismiss," Doc. 16), by which Plaintiffs asserted that Defendants' counterclaims were subject to "contractually-mandated arbitration." Doc. 17 at 2.

On July 14, 2022, the District Court denied the Motion to Dismiss. Doc. 26.

1

On August 15, 2022, Plaintiffs filed a Notice of Appeal as well as the Motion to Stay. Docs. 27, 28. Defendants have not filed a response to the Motion to Stay and the time to do so has passed.

The Fourth Circuit has held that "an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." Levin v. Alms & Assocs., 634 F.3d 260, 266 (4th Cir. 2011). Absent such certification, a district court "necessarily lack[s] jurisdiction over the continuation of any proceedings relating to the claims at issue." Id. at 264 (emphasis added).[1]

Here, Defendants have not responded to the Motion to Stay or asserted that Plaintiffs' interlocutory appeal is frivolous or forfeited, and the undersigned concludes that the Motion should be allowed.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Stay Pending Appeal (Doc. 28) is **GRANTED**.

Signed: September 16, 2022

W. Carleton Metcalf
United States Magistrate Judge

---

[1] A district court does, however, retain jurisdiction to consider a motion to stay. See Wolfe v. Clarke, 718 F.3d 277, 281, n. 3 (4th Cir. 2013).